ORIGINAL



UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JOEL I. BERNSTEIN, M.D., INC.,<br><br>Defendant. | Criminal Case No. 13CR0119-CAB<br><br>**I N F O R M A T I O N**<br><br>18 U.S.C. § 1347 - Health Care Fraud<br>18 U.S.C. § 2 - Aiding and Abetting<br>18 U.S.C. § 982(a)(7) - Forfeiture |

The United States Attorney charges:

<u>Introductory Allegations</u>

1. At all times relevant herein, defendant JOEL I. BERNSTEIN, M.D., INC is a California corporation, incorporated in 1998, with an office in La Jolla, California. The defendant is in the business of providing medical care to oncology patients, including the administration of prescription oncology drugs in the office to patients insured by Medicare.

2. The U.S. Food and Drug Administration ("FDA") regulates pharmaceuticals in the United States to ensure that drugs are safely manufactured, made from appropriate ingredients and properly labeled. The FDA drug approval process addresses the chemical composition of the drug, the drug's safety and effectiveness, and the elements of the drug's distribution, such as the methods used in the manufacture, processing and packing of the drug, as well as the labeling to be used for the drug. Drugs manufactured outside the United States and not intended for use in the United States do not go through this approval process and are considered unapproved, and therefore cannot be deemed to be safe.

3. Medicare is a health care benefit program that only pays for patients to receive drugs approved for use in the United States by the FDA, and will not reimburse physicians for administering unapproved drugs to patients.

Count 1

4. Introductory allegations 1-3 of this Information are realleged and incorporated herein by reference.

5. Between on or about January 19, 2007, and on or about May 18, 2011, within the Southern District of California, defendant JOEL I. BERNSTEIN, M.D., INC. did devise and intend to devise a material scheme and artifice to defraud a health care benefit program, to wit, Medicare, in connection with the delivery of and payment for health care benefits, items and services.

6. As a part of the scheme and artifice to defraud, defendant JOEL I. BERNSTEIN, M.D., INC. purchased approximately $3.4 million of prescription oncology drugs at substantial discounts, with knowledge that the drugs were not intended for use in the United States.

7. As a further part of the scheme and artifice to defraud, defendant JOEL I. BERNSTEIN, M.D., INC. submitted claims for payment of approximately $1,780,000 to Medicare, using the reimbursement codes for U.S. approved drugs, falsely representing that the drugs administered to patients were those approved by the FDA for use on patients in the United States.

8. On or about July 8, 2010, in San Diego, California, defendant JOEL I. BERNSTEIN, M.D., INC. knowingly and willfully executed the scheme to defraud by submitting a claim for payment to Medicare for $12,000.00, falsely claiming the amount was for the administration of the U.S. FDA approved drug with the same active ingredient as Mabthera.

All in violation of Title 18, United States Code, Sections 1347 and 2.

Forfeiture Allegation

9. As a result of the commission of the felony offense alleged in Count 1, said violations being punishable by imprisonment for more than one year, and pursuant to Title 18, United States Code, Section 982(a)(7), defendant JOEL I. BERNSTEIN, M.D., INC. shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property, real or personal, that constitutes or is

derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, including, but not limited to: $1,249,174.82 in United States currency, the gross proceeds received by the defendant for the submission of claims to Medicare related solely to unapproved drugs.

10.   If any of the above-described forfeitable property, as a result of any act or omission of defendant JOEL I. BERNSTEIN, M.D., INC. -

(1) cannot be located upon the exercise of due diligence;
(2) has been transferred or sold to, or deposited with, a third person;
(3) has been placed beyond the jurisdiction of the Court;
(4) has been substantially diminished in value; or
(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the amounts alleged above as being subject to forfeiture.

DATED:   January 7, 2013.

LAURA E. DUFFY
United States Attorney

MELANIE K. PIERSON
Assistant U.S. Attorney

3